```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

|                                              |                              |
|----------------------------------------------|------------------------------|
| UNITED STATES OF AMERICA )<br>  )<br>v.  )<br>  )<br>ZHEN ZHOU WU a/k/a ALEX WU;  )<br>YUFENG WEI a/k/a ANNIE WEI;  )<br>BO LI a/k/a ERIC LEE; CHITRON  )<br>ELECTRONICS, INC.; CHITRON  )<br>ELECTRONICS COMPANY LIMITED  )<br>a/k/a CHI-CHUANG ELECTRONICS  )<br>COMPANY LIMITED  )<br>           Defendants.  )<br>  ) | CRIMINAL NO. 08-10386-PBS |

**MEMORANDUM AND ORDER**

January 27, 2010

Saris, U.S.D.J.

Defendants Zhen Zhou Wu ("Wu"), Yufeng Wei ("Wei"), Bo Li ("Li"), Chitron Electronics, Inc. ("Chitron-US") and Chitron Electronics Company Limited ("Chitron-China") are charged with the allegedly illegal export of defense articles and technology controlled by the Department of Commerce from the United States to the People's Republic of China.[1]  Defendants jointly filed a

---

[1] Defendants are charged with the unlawful export of defense articles in violation of 22 U.S.C. §§ 2778(b)(2), 2778(c) (Counts 2-6), conspiracy in violation of 18 U.S.C. § 371 (Counts 1 and 31), unlawful export of commerce controlled goods in violation of 50 U.S.C. § 1705 and 18 U.S.C. § 2 (Counts 7-30), a scheme to falsify, conceal, and cover up material facts (aiding and abetting) in violation of 18 U.S.C. § 1001(a)(1) (Counts 32-33), and use of a fraudulently obtained permanent resident card in violation of 18 U.S.C. § 1546(a) (Count 34).

1

motion to compel the Government to produce certain documents. Magistrate Judge Collings issued an opinion denying the motion to compel (Dkt. No. 109), and Defendants objected to the Magistrate Judge's opinion (Dkt. No. 125).

Defendants' Motion to Compel requests that the Court order the Government to produce all documents in its possession that form the basis for the assertion that the various objects Defendants are accused of unlawfully exporting fall into the prohibited categories as set forth in the regulations. These documents fall into two categories: (1) documents made available to the Secretary of State or the Secretary of Commerce in the course of their certification as to whether the items exported by the Defendants required a license; and (2) documents made available to any expert witness whom the government may call to testify regarding whether the items in question required a license.

The government has represented that it already produced certain documents pertaining to the defense articles and controlled commodities at issue in this case. The documents already produced include: (1) pre-trial and trial certifications from the Department of State's Directorate of Defense Trade Controls ("DDTC") confirming that the items charged in Counts 2-6 were defense articles designated on the United States Munitions List at the time of the alleged illegal exports and continue to be so designated today; (2) certified license determinations from

the Department of Commerce establishing that the commodities in question charged in Counts 7-30 were classified under Export Commodity Classification Numbers 3A001 and 3A991 of the Commerce Control List and required an export license from the Department of Commerce at the time of the alleged illegal exports; (3) records of determinations by the Department of State pertaining to defense articles the defendants are charged with illegal exporting; (4) records regarding the exports at issue that the Government obtained directly from the manufacturers and distributors in response to subpoenas issued during this investigation; and (5) manufacturer data sheets, manufacturer information, and specifications pertaining to the charged parts upon which the Government's experts will be relying for their expert testimony.

An overview of the statutory and regulatory framework of export controls is provided in the Magistrate Judge's order. For the purposes of this discussion, Counts 2-6 of the Third Superseding Indictment ("Indictment") (Dkt. No. 123) charge Defendants with violations of the Arms Export Control Act ("AECA"), 22 U.S.C. § 2778, which authorizes the President of the United States to control the import and export of defense articles and defense services "[i]n furtherance of world peace and the security and foreign policy of the United States" and to designate those items considered to be defense articles to constitute the United States Munitions List. 22 U.S.C. §

2778(a)(1). Counts 7-30 of the Indictment charge Defendants with violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 et seq., and the Export Administration Regulations ("EAR"), 15 C.F.R. § 730 et seq., promulgated by the Department of Commerce. The Department of Commerce maintains the Commerce Control List ("CCL"), 15 C.F.R. § 774, which specifies the goods and technologies that require export licenses prior to shipment outside the United States.

The central legal question raised by Defendants' Motion to Compel is whether or not the determinations by the Secretaries of State and Commerce that the items allegedly exported by the Defendants were on the United States Munitions List and the Commerce Control List are subject to judicial review. After a hearing, the Magistrate Judge held that the Defendants were not entitled to the requested discovery because case law has interpreted the AECA as precluding any judicial review "of a determination by the President or his designee that a certain item falls within a category of items on The United States Munitions List." See United States v. Wu, __ F. Supp. 2d __, 2009 WL 4017088, at *2 (citing Karn v. U.S. Dep't of State, 925 F. Supp. 1, 6-7 (D.D.C. 1996), remanded on other grounds, 107 F.3d 923 (D.C. Cir. 1997)). The Magistrate Judge also found that, in the context of the Commerce Control List, "if the Secretary [of Commerce] has determined that an item is on the list, 'the prosecution must only prove that the [defendants]

exported [items] without the necessary license and with the appropriate mental state.'" Id. (quoting United States v. Spawr Optical Research, Inc., 864 F.2d 1467, 1473 (9th Cir. 1988)).

After review of the briefing and a hearing, the Court **AFFIRMS** the Magistrate Judge's order.  With respect to the Commerce Control List, I rely on the reasoning of the Magistrate Judge.  However, with respect to the United States Munitions List, the analysis is more complicated and difficult.  The Supreme Court recently held that there is a "presumption favoring judicial review of administrative action," and it takes "clear and convincing evidence to dislodge the presumption."  Kucana v. Holder, 558 U.S. ___, 2010 WL 173368, at *11 (2010) (concerning the reviewability of motions to reopen removal proceedings in the immigration context) (citing Reno v. Catholic Social Servs., Inc., 509 U.S. 43, 63-64 (1993)).  Here, Congress precluded judicial review of the Secretary's regulatory decision to place certain categories of items on the Munitions List.  See 22 U.S.C. § 2778(h).[2]  However, it did not expressly preclude judicial review of the determination that a particular item falls within those designated categories.  See United States v. Pulungan, 569 F.3d 326, 328 (7th Cir. 2009) (holding that, in a criminal

---

[2] Section 2778(h) provides: "The designation by the President (or by an official to whom the President's functions . . . have been duly delegated), in regulations issued under this section, of items as defense articles or defense services for purposes of this section shall not be subject to judicial review."

prosecution, the government must prove that the export of a particular item was regulated by the Munitions List).

The Government argues that the Court should preclude judicial review of the Secretary's decision because the decision as to which items fall within the categories of defense articles on the Munitions List has been vested in the Executive, both by Congress under the AECA, 22 U.S.C. § 2778(a)(1),[3] and by the Constitution. To reach this conclusion, the Government characterizes this decision as a political question involving national security. See, e.g., United States v. Martinez, 904 F.2d 601, 601-03 (11th Cir. 1990) (holding that the political question doctrine precluded judicial review of the Department of State's determination that an item was within a category on the Munitions List). The Court agrees that the President's determination to control the export of defense articles is a quintessential political question vested in the Executive Branch and closely related to national security. See, e.g., Am. Ins. Ass'n v. Garamendi, 539 U.S. 396, 414 (2003) (holding that Article II of the Constitution places with the President the "'vast share of responsibility for the conduct of our foreign relations'" (quoting Youngstown Sheet & Tube Co. v. Sawyer, 343

---

[3] The AECA states that "the President is authorized to control the import and the export of defense articles and defense services" and "to designate those items which shall be considered as defense articles and defense services for the purposes of this section." 22 U.S.C. § 2778(a)(1).

U.S. 579, 610-11 (1952))), Movsesian v. Victoria Versicherung AG, 578 F.3d 1052, 1059 (9th Cir. 2009) (holding that where "the presidential policy concerns national security . . . [t]he Constitution squarely, if not solely, vests these powers in the Executive Branch") (citing U.S. Const. Art. II, § 2, cl. 1; id. § 2, cl. 2). Accordingly, while the Government must prove beyond a reasonable doubt that the Secretary determined that items listed in the indictment are within the categories listed on the Munitions List, it need not prove that her decision was correct because that is a political question.[4]

However, the Government must produce all evidence that is both material and favorable to the defense under Brady v. Maryland, 373 U.S. 83 (1963), and any documents or other evidence that are "material to preparing the defense" under Federal Rule of Criminal Procedure 16(a)(1)(E). Evidence "material to preparing a defense" includes any evidence that could significantly refute the Government's case in chief, for example, on the issue of willfulness. See United States v. Armstrong, 517 U.S. 456, 462 (1996) (holding that "defense" in the context of Rule 16 "encompass[es] only the narrower class of 'shield' claims, which refute the Government's arguments that the defendant committed the crime charged"); In re Terrorist Bombings

---

[4] In a civil context, such a challenge would be precluded by the Administrative Procedures Act, which prohibits judicial review of "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2).

7

of U.S. Embassies in East Africa, 552 F.3d 93, 125 (2d Cir. 2008) (holding that, in a Rule 16 context, materiality depends on "'not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole'") (quoting United States v. Stevens, 985 F.2d 1175, 1180 (2d Cir. 1993)); United States v. Ross, 511 F.2d 757, 763 (5th Cir. 1975) (holding that a showing of materiality must include "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor"). Thus, for example, if either the Department of State's or the Department of Commerce's files have any evidence that tends to support a defense of lack of willfulness (i.e. a manufacturer's indications that the articles allegedly exported have normal commercial uses) such information must be produced.

In addition, the Court briefly addresses the Confrontation Clause argument raised by Defendants in their motion with respect to the use of a signed certificate at trial to prove that the items allegedly exported were on the Munitions List and/or the Commerce Control List at the time they were exported. The Government stated at oral argument that it is producing Terry Davis, the Deputy Director of the Office of Defense Trade Controls within the Department of State, as an expert witness to testify about the products in question and the Defense Secretary's determination that those items fall within a category

8

on the Munitions List.  A similarly knowledgeable designee of the Secretary of Commerce will be called to testify about the items determined to be on the Commerce Control List.  (Hr'g Tr. at 54-55, Jan. 6, 2010.)  Because the government cannot rely on the introduction of a certificate alone to meet its burden of proof under the Confrontation Clause, this expert testimony is constitutionally required.  See Melendez-Diaz v. Massachusetts, 129 S. Ct. 2527 (2009) (holding that drug analysis certificates introduced in criminal trials where the state chemist was not called as a witness violated the Confrontation Clause).  The Federal Rules of Criminal Procedure require that expert witnesses produce, if requested, "a written summary of any testimony" that describes "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."  Fed. R. Crim. P. 16(a)(1)(G).  In addition, all Jencks Act statements of government witnesses must be produced according to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2.

To the extent there is an assertion of deliberative process privilege for any documents required to be produced, the documents shall be produced in camera.  To the extent there is an assertion that the documents are classified for national security or foreign relations purposes, the parties will abide by the Classified Information Procedures Act, 18 U.S.C.A. app. 3 §§ 1-16.

Finally, the parties dispute the precise meaning of

willfulness in the context of an AECA prosecution.  Compare United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988) (holding that the Government must prove "that the defendant voluntarily and intentionally violated a known legal duty not to export the proscribed articles") with Pulungan, 569 F.3d at 329 (holding that "it is not enough for a riflescope to be a 'defense article,' [the defendant] cannot be convicted unless he knew that it is one, and that licenses are necessary to export them").  The Court need not resolve that dispute in the context of this motion.  However, for purposes of determining what documents must be produced, the government must take into consideration both standards.

## CONCLUSION

The Court **AFFIRMS** the Magistrate Judge's order denying Defendants' Motion to Compel Production of Documents.  However, the Court instructs the Government to comply with its obligations under Brady and Fed. R. Crim. P. 16(a)(1)(E) and turn over any exculpatory documents or documents material to the preparation of a defense.

/s/ Patti B. Saris

_____
PATTI B. SARIS
UNITED STATES DISTRICT JUDGE