```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

|                                        |   |                            |
|----------------------------------------|---|----------------------------|
| UNITED STATES OF AMERICA               | ) |                            |
|                                        | ) |                            |
| v.                                     | ) | CRIMINAL NO. 08-10386-PBS  |
|                                        | ) |                            |
| ZHEN ZHOU WU a/k/a ALEX WU;            | ) |                            |
| YUFENG WEI a/k/a ANNIE WEI;            | ) |                            |
| BO LI a/k/a ERIC LEE; CHITRON          | ) |                            |
| ELECTRONICS, INC.; CHITRON             | ) |                            |
| ELECTRONICS COMPANY LIMITED            | ) |                            |
| a/k/a CHI-CHUANG ELECTRONICS           | ) |                            |
| COMPANY LIMITED                        | ) |                            |
|                                        | ) |                            |
| Defendants.                            | ) |                            |

**MEMORANDUM AND ORDER**

March 2, 2010

Saris, U.S.D.J.

The government moves <u>ex parte</u> for an inspection of classified and unclassified materials and a protective order preventing disclosure of a classified Department of Defense Instruction, dated May 26, 2005 (originally issued June 30, 1998 and periodically amended) and certain information contained within three unclassified State Department commodity and government jurisdiction determination files to defense in discovery. It submitted, <u>under seal</u> and <u>ex parte</u>, a memorandum of law as well as the affidavit of Robert S. Kovac, the managing director of the Directorate of Defense Trade Controls, ("DDTC") Bureau of Political-Military Affairs, United States Department of State. Attached to the affidavit are numerous unclassified

documents which the government asserts are protected under the deliberative process privilege.

## DISCUSSION

### A. Legal Standard

The standard for the deliberative process privilege in the civil context is well defined.  The deliberative process privilege covers "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated."  Dep't of the Interior v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 8 (2001) (quoting NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 150 (1975)).  "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance the quality of agency decisions by protecting open and frank discussion among those who make them within the Government."  Klamath Water Users Protective Ass'n, 532 U.S. at 8-9 (internal quotation marks and citations omitted).  See also EPA v. Mink, 410 U.S. 73, 87 (1972) ("[I]t would be impossible to have any frank discussions of legal or policy matters in writing if all such writings were to be subjected to public scrutiny.") (internal quotation marks and citation omitted), superseded by statute in other respects, Pub. L. No. 93-502, 88 Stat. 1561 (1974); Carter v. U.S. Dep't of

Commerce, 307 F.3d 1084, 1089 (9th Cir. 2002) ("The purpose of this privilege is to allow agencies freely to explore possibilities, engage in internal debates, or play devil's advocate without fear of public scrutiny.") (internal quotation marks and citation omitted).

To qualify for the deliberative process privilege, a document must be (1) "predecisional," that is, prior to the adoption of the agency policy, and (2) "deliberative," that is, related to the policy-making process.  Texaco P.R., Inc. v. Dep't of Consumer Affairs, 60 F.3d 867, 884 (1st Cir. 1995) (quoting Nat'l Wildlife Fed'n v. U.S. Forest Serv., 861 F.2d 1114, 1116 (9th Cir. 1988)).  "A predecisional document may be virtually any document that contains personal opinions and is designed to assist agency decision-makers in making their decisions."  Mo. Coal. for the Env't Found. v. U.S. Army Corps of Eng'rs, 542 F.3d 1204, 1211 (8th Cir. 2008).  "A document will be considered 'predecisional' if the agency can (I) pinpoint the specific agency decision to which the document correlates, (ii) establish that its author prepared the document for the purpose of assisting the agency official charged with making the agency decision, and (iii) verify that the document precedes, in temporal sequence, the decision to which it relates."  Providence Journal Co. v. U.S. Dep't of the Army, 981 F.2d 552, 557 (1st Cir. 1992) (internal quotation marks and citations omitted).  A document is 'deliberative' if it "(I) formed an essential link in

a specified consultative process, (ii) reflect[s] the personal opinions of the writer rather than the policy of the agency, and (iii) if released, would inaccurately reflect or prematurely disclose the views of the agency." Id. at 559.  Put another way, a document "is 'deliberative' if it constitutes a statement of opinion regarding final policy rather than a description of the ultimate policy itself." United States v. Cicilline, No. 07-10008-NMG, 2008 WL 427286, at *1 (D. Mass. Feb. 13, 2008).

The deliberative process privilege does not shield documents that simply state or explain a decision the Government has already made, Sears, Roebuck & Co., 421 U.S. at 151-152, or protect material that is purely factual, unless the material is so inextricably intertwined with the deliberative sections of documents that its disclosure would inevitably reveal the Government's deliberations. Providence Journal Co., 981 F.2d at 562. Even factual material is protected if its disclosure "would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions." Id. at 562 (quoting Quarles v. Dep't of Navy, 893 F.2d 390, 392 (D.C. Cir. 1990)).

Even if a document is both predecisional and deliberative, nondisclosure is not automatic. Texaco P.R., Inc., 60 F.3d at 885. The privilege "is a qualified one" and "is not absolute." Id. (internal citations omitted). In exercising its discretion as

to whether the deliberative process privilege requires nondisclosure, a court "should consider, among other things, the interests of the litigants, society's interest in the accuracy and integrity of factfinding, and the public's interest in honest, effective government."  Id.  The Court must balance the public interest in the protection of the deliberative process against the movant's particularized need for the information as evidence in the case before it.  See e.g., Comm. for Nuclear Responsibility, Inc. v. Seaborg, 463 F.2d 788, 791 (D.C. Cir. 1971); Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena, 40 F.R.D. 318, 327 (D.D.C. 1966), aff'd sub nom. V.E.B. Carl Zeiss, Jena v. Clark, 384 F.2d 979 (D.C. Cir. 1967).  To compel disclosure, the movant must "make a showing of necessity sufficient to outweigh the adverse effects the production would engender."  Id. at 328-329.

Courts consider numerous factors when balancing the competing interests involved, including:

> (I) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the litigation and the issues involved; (iv) the role of the government in the litigation; and (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.

In re Franklin Nat'l Bank Sec. Litig., 478 F. Supp. 577, 583 (E.D.N.Y. 1979).  "While this list does not purport to be an exhaustive list of factors a court might consider, it is at least

5

a floor upon which to balance sufficiently the competing interests of the parties and the federal agency." In re Bankers Trust Co., 61 F.3d 465, 472 (6th Cir. 1995).

Once the court determines that the privilege is applicable, the court must weigh it against the needs of the defendant under Brady and Fed. R. Civ. P. 16. In a recent ruling, the Court held that

> the Government must produce all evidence that is both material and favorable to the defense under Brady v. Maryland, 373 U.S. 83 (1963), and any documents or other evidence that are "material to preparing the defense" under Federal Rule of Criminal Procedure 16(a)(1)(E). Evidence "material to preparing a defense" includes any evidence that could significantly refute the Government's case in chief, for example, on the issue of willfulness.

United States v. Zhen Zhou Wu, __ F. Supp. 2d __, 2010 WL 299276, at *3 (D. Mass. Jan. 27, 2010). The defendants have submitted an in camera memorandum outlining the theory of the defense so that the Court can evaluate the particularized needs of the defendants.

**B.   The Documents**

1.   As a preliminary matter, the government seeks to file its motion and memorandum under seal. These documents contain legal argument or general background that is unprotected by any privilege. Accordingly, the government shall redact any

privileged information and file the rest of the document on the public docket.

2. Similarly, the affidavit of Robert S. Kovac contains unprivileged information, and should be publicly filed in redacted form.

3. I reject the government's contention that the entire commodity or government jurisdiction file is protected. Rather, a document-by-document analysis must be conducted by the government. A review of the multiple documents produced in camera discloses that many documents are not protected by the deliberative process privilege at all: (1) letters to the manufacturers; (2) letters from the manufacturers; (3) final decisions of the agency; (4) all technical attachments; (5) information about prior final jurisdictional determinations of similar devices.

Other documents have discussions that fall squarely within the deliberative process privilege. However, information about commercial, non-military uses of the devices or earlier jurisdictional decisions about similar devices which the government did permit to be exported (perhaps under the control of the Department of Commerce) may be exculpatory or material to the defense. In addition, the final decisions by other agencies about the commercial uses of these devices is material to the defense. After all, if another agency reached a decision that a

device had a commercial use, that information bolsters a defense that it was not clear that a device is a defense article. The government protests that different decisions by other agencies are not dispositive because they did not have access to the classified information possessed by the Department of State. While this point is valid -- and the reason why the decision of the Department of State is not subject to judicial review -- it underscores a possible defense of lack of willfulness because defendants did not have access to the classified information either.

After balancing the interests, the interest of the government in frank inter-agency and intra-agency discussion against the particularized needs of the defendants to defend themselves against serious charges, I find this information should be produced as relevant to defending the charge that defendants willfully exported defense articles designated on the United States Munitions List. See Third Superseding Indictment (Docket No. 123) at 38-40 (charging defendants with unlawful export of defense articles in violation of 22 U.S.C. §§ 2778(b)(2), 2778(c), which requires that a defendant "willfully" violate the statute); see also United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988) (holding that, in a prosecution under the Arms Export Control Act, the government need prove that "'the defendant voluntarily and intentionally violated a known legal

duty not to export the proscribed articles'" (quoting <u>United States v. Lizarraga-Lizarraga</u>, 541 F.2d 826, 828-29 (9th Cir. 1976))).

4. Government counsel has the obligation to review these files to produce all documents that present exculpatory information as outlined above. The government need not produce, however, staff recommendations about the status of the devices, internal discussions of policy matters or internal pre-decisional disagreements. The government shall re-submit any documents (which should be Bates-stamped) for which it is still claims a privilege after reviewing the above guidelines.

5. The Court has not reviewed the "classified" document because it was never produced. The Court finds that the Declaration of William N. McCasland supporting the classification is not protected by the deliberative process privilege, and should be produced. The Court agrees with the government that it need not review the classified document in order to rule on the claims of privilege presented in this briefing. Accordingly, the Court does not rule on the requested protective order for the classified document.

6. All unclassified documents produced are subject to a protective order that defense counsel shall not publicly disclose these documents to anyone except their clients and experts unless the Court orders otherwise. This protective order applies to the

defendants and the experts.  The Court will discuss an appropriate protocol at trial if any of these documents contain trade secrets or confidential business information.

_____
PATTI B. SARIS
United States District Judge