UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 08-10386-PBS |
| ) | |
| 1. ZHEN ZHOU WU a/k/a ALEX WU, ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE (MONEY JUDGMENT)

**SARIS, D.J.**

WHEREAS, on December 17, 2009, a federal grand jury sitting in the District of Massachusetts returned a thirty-four count Third Superseding Indictment charging defendants Zhen Zhou Wu, a/k/a Alex Wu; Yufeng Wei, a/k/a Annie Wei; Bo Li, a/k/a Eric Lee; Chitron Electronics, Inc.; and Chitron Electronics Company Limited, a/k/a Chi-Chuang Electronics Company Limited, a/k/a Shenzhen Chitron Electronics Company Limited, with Conspiracy, in violation of 18 U.S.C. § 371 and 2 (Counts One and Thirty-one); Unlawful Export of Defense Articles, in violation of 22 U.S.C. §§ 2778 (b)(2) and 2778 (c), 22 C.F.R. §§ 121.1, 123.1, and 127.1(a)(1), and 18 U.S.C. § 2 (Counts Two through Six); Unlawful Export of Commerce Controlled Goods, in violation of 50 U.S.C. § 1705, 15 C.F.R. §§ 736.2(b)(1), 736.2(b)(10), 764.2, and 764.3(b)(2)(i), Executive Order 13222, and 18 U.S.C. § 2 (Counts Seven through Twenty-Eight); Unlawful Export of Commerce Controlled Goods, in violation of 50 U.S.C. § 1705, 15 C.F.R. §§ 736.2(b)(5), 764.2, 764.3(b)(2)(i), 744.1, and Supplement No. 4 to Part 744, Executive Order 13222, and 18 U.S.C. § 2 (Counts Twenty-Nine and Thirty); Scheme to Falsify, Conceal, and Cover Up Material Facts, in violation of 18 U.S.C. §§ 1001(a)(1) and 2 (Counts Thirty-Two and Thirty-Three); and Use of Fraudulently Obtained Permanent Resident Card, in violation of 18 U.S.C. § 1546(a) (Count Thirty-Four)

WHEREAS, the Third Superseding Indictment contained forfeiture allegations, pursuant to 18 U.S.C. §§ 981 and 982; 22 U.S.C. § 401; 28 U.S.C. § 2461; and 19 U.S.C. § 1595a, which provided notice that the United States sought the forfeiture, upon conviction of any offense alleged in Counts One through Six, of the following:

- a. any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c);

- b. any arms, munitions of war or other articles exported or intended to be exported or removed from the United States in violation of law, and any vessel, vehicle, or aircraft containing the same or which has been or is being used in exporting or attempting to export such arms or munitions of war or other articles, pursuant to 22 U.S.C. § 401 and 28 U.S.C. § 2461(c); and

- c. all merchandise exported or sent from the United States contrary to law, or the proceeds of value thereof, and property used to facilitate the exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise, pursuant to 19 U.S.C. § 1595a(d);

WHEREAS, in addition, and in accordance with the forfeiture allegations of the Third Superseding Indictment, the United States also sought the forfeiture, upon conviction of any offense alleged in Count One or in Counts Eight through Thirty-One, of the following:

- a. any property, real or personal, that constitutes, or is derived from, proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

- b. all merchandise exported or sent from the United States contrary to law, or the proceeds of value thereof, and property used to facilitate the exporting or sending of such merchandise, or the receipt, purchase, transportation, concealment, or sale of such merchandise, pursuant to 19 U.S.C. § 1595a(d);

WHEREAS, finally, and in accordance with the forfeiture allegations of the Third Superseding Indictment, the United States also sought the forfeiture, upon conviction of any offense alleged in Count Thirty-Four, of the following:

a.  any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6)(A)(i); and

b.  any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or any property, real or personal, that is used to facilitate, or is intended to be used to facilitate, the commission of the offense, pursuant to 18 U.S.C. § 982(a)(6)(A)(ii);

WHEREAS, the Third Superseding Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the defendants, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendants, up to the value of the property described above;

WHEREAS, on May 17, 2010, after an 26-day jury trial, defendant Zhen Zhou Wu was found guilty on Counts One through Five, Seven, Twelve, Fifteen through Nineteen, Twenty-one through Twenty-Three, Twenty-Five, Twenty-Seven, Thirty-One and Thirty-Two; defendant Yufeng Wei was found guilty on Counts One through Five, Seven, Twelve, Fifteen through Nineteen, Thirty-One, Thirty-Two, and Thirty-Four; and defendant Chitron Electronics, Inc. was found guilty on Counts One through Twenty-Five, Twenty-Seven, and Twenty-Eight.[1] *See* Document No. 203;

WHEREAS, on January 4, 2011 this Court allowed defendants' motion to set aside the

---

[1] Defendant Bo Li pled guilty to Count One of a Superseding Information on April 5, 2010, and was not a participant in the jury trial.

verdict as to Counts Two and Three as to defendants Zhen Zhou Wu and Yufeng Wei. *See* Document No. 256;

WHEREAS, the exhibits entered into evidence at trial, including invoices (both purchase and sale), established that the total value of the parts that were illegally exported by the defendants was at least $65,881.71 in United States currency;

WHEREAS, the total amount of proceeds that defendants Zhen Zhou Wu, Yufeng Wei, and Chitron Electronics, Inc. (collectively, the "Defendants") earned during the course of the conspiracy from the offences for which they were found guilty was at least $65,881.71 in United States currency and, accordingly, the United States is entitled to an Order of Forfeiture consisting of a personal money judgment against each of the Defendants, jointly and severally, in the amount of $65,881.71 in United States currency pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461(c), 22 U.S.C. § 401 and 19 U.S.C. § 1595a(d);

WHEREAS, the Untied States has filed a Motion for Orders of Forfeiture (Money Judgment) that would consist of personal money judgments against each of the Defendants, jointly and severally, in the amount of $65,881.71 in United States currency; and

WHEREAS, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Zhen Zhou Wu a/k/a Alex Wu shall, jointly and severally with defendants Yufeng Wei a/k/a Annie Wei and Chitron Electronics, Inc., forfeit to the United States the sum of $65,881.71 in United States currency, pursuant to 18 U.S.C. §§ 981 and 982, 28 U.S.C. § 2461(c), 22 U.S.C. § 401 and 19 U.S.C. § 1595a(d).

2.      This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

3.      The United States may, at any time, move, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend this Order to substitute property having a value not to exceed the amounts set forth in Paragraph 1 to satisfy the money judgment in whole or in part.

4.      The United States may, at any time, conduct, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), as incorporated by 28 U.S.C. § 2461(c), any discovery to identify, locate or dispose of forfeitable property or substitute assets, including, but not limited to, depositions and requests for documents, electronically stored information, and tangible things.

5.      Pursuant to Rule 32.2(b)(4), this Order shall be included in the sentence pronounced and imposed by the Court at the sentencing hearing, and in the criminal judgment entered by this Court against Zhen Zhou Wu a/k/a Alex Wu.

_____
PATTI B. SARIS
United States District Judge

Date: